Anthony L. Cannon, Esq. SBN: 162986
Robert W. Nelms, Esq., SBN: 118695
Debra K. Cook, SBN 250114
CANNON & NELMS, P.C.
160 South Old Springs Road, Suite 200
Anaheim, California 92808
Tel: (714) 637-4400; Fax: (714) 637-4444

Attorney for Plaintiffs
CRAIG MILHOUSE and PAMELA MILHOUSE

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (Southern Division – Santa Ana)

| | |
|---|---|
| CRAIG MILHOUSE and PAMELA MILHOUSE,<br>Plaintiffs,<br>vs.<br>TRAVELERS COMMERCIAL INSURANCE COMPANY; and DOES 1 through 25, inclusive;<br>Defendants. | Case No.: 8:10-cv-01730-CJC –(MLGx)<br>**CRAIG AND PAMELA MILHOUSE'S NOTICE OF MOTION AND MOTION TO AMEND OR ALTER JUDGMENT TO INCLUDE PRE-JUDGMENT AND POST-JUDGMENT INTEREST; MEMORANDUM OF POINTS AND AUTHORITIES**<br>Date: November 4, 2013<br>Time: 1:30 p.m.<br>Courtroom: 9B |

**TO DEFENDANT AND ITS COUNSELS OF RECORD:**

You are hereby notified that Plaintiffs CRAIG and PAMELA MILHOUSE ("Milhouses") will on November 4, 2013 or as soon afterwards as counsel can be heard, call up for hearing and disposition the Milhouses' Motion to Alter or Amend Judgment to Include Pre-Judgment and Post Judgment Interest. The Milhouses, judgment creditors, submit this Motion to Amend or Alter Judgment To Include Pre-Judgment and Post-Judgment Interest pursuant to Federal Rule of Civil Procedure 59(e).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Following a jury trial in the above-entitled matter, the court entered a Judgment on September 4, 2013 ordering, among other things, that Defendant and Judgment Debtor Travelers Commercial Insurance Company ("Travelers") is to pay to Craig Milhouse the principal sum of $974,817 and Pamela Milhouse the principal sum of $974,817. As the Court will recall from the trial, the claim upon which the verdict is based consists of the Plaintiff's claim for breach of the insurance policy. By this Motion, the Milhouses seek to recover pre-judgment and post-judgment interest on these amounts, to which they are entitled pursuant to statutory and common law.

## II. BRIEF SUMMARY OF FACTS

As previously stated, the Milhouses were each awarded $974,817 totaling $1,949,634 following the verdict of the jury on the claims submitted to it.

The evidence admitted at trial showed that Travelers failed to pay policy benefits and other special contract damages flowing from the breach of contract that totaled $1,949,634. The admitted evidence demonstrated that the full policy benefits were due and owing no later than December 31, 2008. In light of these facts, and in the light most favorable to Travelers, Plaintiff was entitled to receive payment in full for the unpaid contract benefits by December 31, 2008. (Declaration of Debra K. Cook ("Cook Decl.) at ¶ 4.) Therefore, the Milhouses request pre-judgment interest from January 1, 2009 to September 4, 2013 in the amount set forth below.

Additionally, as to the principal amount of the Judgment, $1,949,634, the Milhouses request that post-judgment interest be awarded from September 5, 2013 to the date of payment.

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

## III. LEGAL AUTHORITY

### A. Legal Authority For Obtaining Pre- and Post-Judgment Interest

The Court has the power to "alter or amend" a Judgment under Federal Rule of Civil Procedure 59. FRCP 59(e). Moreover, trial courts are to carefully consider the merits of a Rule 59 motion. *Collins v. Morgan Stanley Dean Witter* (5th Cir. 2000) 224 F.3d 496, 502. On Motion to alter or amend a Judgment, the moving party must specify the ground on which the request is based. *St. Mary's Hosp. Med. Ctr. v. Heckler* (7th Cir. 1985) 753 F.2d 1362, 1365.) "In deciding if and how much prejudgment interest should be granted, a district court must examine - or in the case of post judgment motion, reexamine - matters encompassed within the merits of the underlying action." *Osterneck v. Ernst & Whitney* (1989) 489 U.S. 169, 175-176; *McCalla v. Royal MacCabees Life Ins. Co.* (9th Cir. 2004) 369 F.3d 1128, 1130-1134.)

Here, The Milhouses' motion is based on the grounds that the Judgment did not award interest as permitted by law. As such, the Milhouses request the Court amend and/or alter the Judgment to include pre- and post-judgment interest.

### B. The Milhouses Are Entitled To An Award of Pre-Judgment Interest.

*1. Authority for an Award of Pre-Judgment Interest.*

Parties may be entitled to pre-judgment interest as an element of complete compensation. *West Virginia v. United States* (1987) 479 U.S. 305, 310. Moreover, pre-judgment interest generally should be awarded absent exceptional circumstances. *United States ex rel Bernard v. Casino Magic Corp* (8th Cir. 2004) 384 F.3d 510, 516.

In diversity cases, state law must be applied in determining whether pre-judgment interest should be awarded. *Bangert Bros. Const. Inc. v. Kiewit*

*Western Co.* (10th Cir. 2002) 310 F.3d 1278, 1297. Unless the parties contractually agree otherwise, state law determines the rate of prejudgment interest in diversity cases. *Citicorp Real Estate, Inc. v. Smith* (9th Cir. 1998) 155 F.3d 1097, 1108; see also *Northrop Corp v. Triad Int'l 'l Marketing S.A.* (9th Cir. 1988) 842 F.2d 1154, 1155). California law applies in this instant action under the Erie doctrine.

California Civil Code § 3287 provides, in pertinent part:

"Every person who is entitled to recover damages certain, or capable of being made certain by calculation, ... is entitled to recovery interest thereon." Civil Code § 3287(a); see also *California Lettuce Growers, Inc. v. Union Sugar Co.* (1955) 45 Cal.2d 474, 487. In fact, interest is allowed where the demand, although not liquidated, is of such nature that the amount is capable of ascertainment by mere computation, or can be established with reasonable certainty, or determined by reference to well-established market values. *Shell Chemical Corp. v. Owl Transfer Co.* (1959) 173 Cal.App. 2d Supp. 796, 804; see also *Howe v. City Title Ins. Co.* (1967) 255 Cal.App.2d 85, 88.)

The test for certainty, which authorizes the recovery of prejudgment interest, is (1) whether the debtor knew the amount owed, or (2) whether the debtor would be able to compute the amount owed. *Children 's Hosp. & Med. Ctr. v. Bonta* (2002) 97 Cal.App.4th 740, 774; see also *Whisper Corp v. California Commerce Bank* (1996) 49 Cal.App.4th 948, 960. Moreover, the existence of a bona fide dispute between the parties as to the amount owing under an express contract does not render that sum not liquidated. *Block v. Laboratory Procedures, Inc.* (1970) 8 Cal.App. 3d 1042, 1046.

The rationale for not awarding prejudgment interest (which does not apply in this case) is that when a defendant does not know the amount he owed, and cannot ascertain it except by accord or judicial process, he cannot be in default for not paying it. *National Farm Workers Service Center, Inc. v. M.*

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

*Caratan, Inc.* (1983) 146 Cal.App.3d 796, 811. Here, although it disputed liability, Travelers was aware of the exact amounts the Milhouses claimed it owed on the breach of contract claim which make up the Judgment. Travelers owed the policy benefits limits as soon as it could reasonably be determined. The principal amount awarded to the Milhouses was certain, or capable of being made certain, because Travelers set the policy limits shortly before the loss; and, its personnel (and later its experts) knew that the claim was a policy limits claim from the date of loss when, soon after, Travelers inspected the property and found it to be a total loss. Additionally, the jury provided during its deliberations a question just prior to rendering its Verdict asking "In the event of a total loss (in California) does the insurer have to pay the policy limit? If so, within how many ***days***?" (emphasis added). The amount of the verdict clearly establishes that the jury found that the Milhouses were entitled to the policy limits. Because they also requested the information on "how many days" would it be due indicates that the jury looked at the obligation to pay policy benefits in terms of days. Pre-judgment interest should be awarded to the Milhouses as part of the Judgment.

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

*2. Accrual Date for Pre-Judgment Interest*

The next question before the Court involves the date from which interest accrues. Interest commences on the first day there exists both a breach and a liquidated claim. California Civil Code § 3287(a); see also *Marice L. Bein, Inc. v. Housing Authority of City of Los Angeles* (1958) 157 Cal.App.2d 670, 686.

As previously stated, when viewed in the light most favorable to Travelers, the evidence at trial demonstrated that the Milhouses were entitled to receive payment of the full policy limits no later than December 31, 2008, the date Travelers could reasonably investigate and determine the Milhouse claim was a policy limits claim consistent with the policy limits reserves immediately set by company personnel.

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

*3. Interest Rate for Pre-Judgment Interest*

Unless otherwise specified in a contract, the prejudgment interest rate is 10% per annum from the date of the breach. California Civil Code § 3289(b). Since the subject insurance contract did not specify an interest rate, the appropriate rate that must be applied is the 10% per annum rate as specified in California Civil Code § 3289.

The pre-judgment interest that has accrued on the principal amount of the $1,949,634 breach of contract claim from January 1, 2009 to September 4, 2013 is $911,787.74 ($1,949,634 x .1 / 365 = $ 534.146301 x 1707 days from January 1, 2009 to September 4, 2013= $ 911,787.74). (See Cook Decl. at ¶ 5.)

**C. Plaintiff Is Entitled To An Award of Post-Judgment Interest.**

*1. General Authority for the Award of Post-Judgment Interest*

Post judgment interest shall be allowed on any money judgment recovered in a district court. 28 USCA § 1961. United States Code § 1961, rather than state law, governs the rate of post judgment interest in diversity cases. *Northrop Crop v. Triad Intl Marketing SA* (9th Cir. 1988) 842 F.2d 1154, 1155. Under 28 U.S.C. § 1961, the award of post judgment interest on a district court judgment is mandatory. See *Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 289–90 (9th Cir.1995) (holding that post judgment interest is mandatory, and noting that the "[f]ailure to award post[-]judgment interest would create an incentive for defendants to exploit the time value of money by frivolously appealing or otherwise delaying payment.").

Moreover post-judgment interest awarded pursuant to Section 1961 also applies to the pre-judgment interest component of the district court's money judgment. *Air Separaton Inc. v. Underwriters at Lloyd's of London* (9th Cir. 1995) 45 F. 3d 288, 290-291. This is so because the failure to apply post judgment interest to a pre-judgment interest award would reward Travelers for delaying satisfaction of the Judgment. *Id.*

Thus, because the Milhouses received a money judgment, the Milhouses are entitled to post-judgment interest on the principal amounts due as well as post-judgment interest on the principal amounts due as well as the pre-judgment interest to be awarded.

*2. Accrual of Interest and Rate of Interest*

An award of post judgment interest must be based on the rate in Section 1961. *Mangold v. California Pub. Util. Comm'n* (9th Cir. 1995) 67 F.3d 1470, 1479. Section 1961 provides that post-judgment interest shall be calculated from the date of Judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, of the calendar week preceding the date of the Judgment. 28 USCA § 1961; *Disham v. UNUM Life Ins. Co of America* (9th Cir. 2001) 269 F.3d 974, 990-991. Moreover, post judgment shall be computed daily to the date of payment. *Id.* The interest rate applicable to the instant judgment is .13% per annum, as published by the Board of Governors of the Federal Reserve System. (See Cook Decl. at ¶¶ 6,7,8).

**IV. CONCLUSION**

For all of the foregoing reasons, the Milhouses respectfully request that the Court alter and/or amend its Judgment to include pre- and post-judgment interest as follows:

1. Costs of suit[1] in the sum of $55,935.53, prejudgment interest in the amount of $911,787.74 for a total amount of Judgment of $2,917,357.27 ($1,949,634 + $911,787.74 + 55,935.53 = $2,917,357.27);

2. Interest on the Judgment of $2,917,357.27 shall accrue at the rate of .13% per annum from September 5, 2013 until paid in full; and

3. Such other and further relief as the Court deems just.

[1] The Milhouses filed and served a cost bill in the amount of $55,935.53 on September 4, 2013. As of the date of filing of this Motion, Travelers have not objected to that sum, which the Milhouses ask be included in the amended Judgment.

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

Dated:

Respectfully submitted,

CANNON & NELMS, P.C.

By: ______________________
Anthony L. Cannon
Robert W. Nelms
Debra K. Cook
Attorneys for Plaintiffs,
CRAIG MILHOUSE and
PAMELA MILHOUSE