G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
MATTHEW S. PONZI (*Admitted Pro Hac Vice*)
EDWARD P. MURPHY (State Bar No. 182778)
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
2000 Powell Street, Suite 900
Emeryville, CA  94608
Telephone:(510) 740-1500
Facsimile: (510) 740-1501
Email:  erudloff@fgppr.com
Email:  mponzi@fgppr.com
Email:  emurphy@fgppr.com

Attorneys for Defendant TRAVELERS
COMMERCIAL INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| CRAIG MILHOUSE and PAMELA MILHOUSE<br><br>            Plaintiffs,<br><br>vs.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY, and DOES 1 to 25, Inclusive,<br><br>            Defendants. | No.  SACV 10-01730-CJC (ANx)<br><br>**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[FRCP 59(a), 59(e)]**<br><br>[The Honorable Cormac J. Carney]<br><br>Hearing Date:   November 4, 2013<br>Time:                1:30 p.m.<br>Courtroom:        9B |

/

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 2

I.    INTRODUCTION ................................................................................. 2

II.    APPLICABLE LEGAL STANDARDS ................................................. 3

III.    THE EVIDENCE OF BREACH OF CONTRACT DAMAGES ............... 5

IV.    LEGAL ARGUMENT .......................................................................... 9

    A.    The Judgment Should Be Corrected ................................................. 9

        1.    Breach Of Contract Damages Cannot Exceed The Amount Due And Unpaid On The Policy ..................... 9

        2.    Plaintiffs Are Bound By Their Counsel's Admission That Their Breach Of Contract Damages Are $674,634 ..................... 10

        3.    The Damages Award Should Be Further Reduced ............. 11

            a)    As A Matter Of Law, The IRS Was Properly Included As Co-Payee ..................... 11

                (1)    Federal Tax Liens Attach To Insurance Proceeds And Have The Force Of A Judgment ..................... 13

                (2)    The Policy Confirms That The IRS Is A Proper Co-payee ..................... 15

                (3)    An Insurer That Fails To Name A Proper Payee Is Exposed To Having To Pay Twice ..................... 16

                (4)    Plaintiffs Breached Their Duty To Cooperate ..................... 18

            b)    Code Upgrade Coverage Is Not Owed ..................... 19

    B.    In The Alternative, The Court Should Order A Remittitur Or A New Trial Limited To The Amount Of Breach Of Contract Damages ..................... 21

V.    CONCLUSION ................................................................................. 22

i

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Allstate Ins. Co. v. Herron*,
    634 F.3d 1111 (9th Cir. 2011)..................................................4

*Bedrock Financial, Inc. v. United States*,
    2013 WL 2244402 (E.D. Cal. 2013)........................................16

*Bull v. U.S.*,
    295 U.S. 247 (1935)..................................................................14

*Butynski v. Springfield Terminal R.Co.*,
    592 F.3d 272............................................................................10

*Childs v. Franco*,
    563 F.Supp. 290 (E.D. Pa. 1983)............................................10

*Citizens Nat. Trust & Sav. Bank of Los Angeles v. U.S.*,
    135 F.2d 527 (9th Cir. 1943)...................................................14

*D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co.*,
    692 F. 2d 1245 (9th Cir. 1982).............................................4, 21

*Fenner v. Dependable Trucking Co.*,
    716 F. 2d 598(9th Cir. 1983) (......................................................21

*Glass City Bank v. United States*,
    326 U.S. 265, 90 L.Ed. 56 (1945)............................................14

*In re Berg*,
    188 B.R. 615 (9th Cir. 1995)....................................................14

*In re First Alliance Mortg. Co.*,
    471 F. 3d 977 (9th Cir. 2006)....................................................9

*In re Wolverton Assocs.*,
    909 F.2d 1286 (9th Cir. 1990)...................................................9

*Jardine v. Maryland Cas. Co.*,
    2011 WL 6778798 (N.D. Cal., Dec. 27, 2011, 10-3335 SC),....19

*Parmelee v. Standard Fire Ins. Co.*,
    697 F.Supp.2d 1069 (E.D. Mo. 2010)......................................15

*Peake v. Chevron Shipping Co.*,
    2004 WL 1781008 (N.D. Cal. Aug. 10, 2004).............................4

*Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*,
    219 F.3d 895 (9th Cir. 2000)......................................................4

TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND
MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR
REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO
BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

*SEC v. Pattison,*
    2011 WL 2293195 (N.D. Cal. 2011)........................................................4

*Seymour v. Summa Vista Cinema, Inc.,*
    809 F.2d 1385 (9th Cir. 1987)...............................................................4

*Shelter Mutual Ins. Co. v. Gregory,*
    555 F. Supp. 2d 922 (M.D. Tenn 2008) ..............................................15

*Snyder v. Freight, Const., Gen. Drivers, Warehousemen & Helpers, Local No. 287,*
    175 F.3d 680 (9th Cir. 1999)................................................................4

*U.S. v. Canfield,*
    29 F.Supp. 734 (S.D. Cal. 1939) .........................................................14

*U.S. v. Colby Academy,*
    524 F.Supp. 931 (D.C. N.Y. 1981) .....................................................15

*U.S. v. Vermont,*
    377 U.S. 351 (1964) ............................................................................14

*United States v. Redevelopment Agency of Oakland,*
    926 F. Supp 928 (N.D. Cal. 1995) .......................................................14

*United States v. Ressler,*
    433 F.Supp. 459 (S.D.Fla.1977) .........................................................13

*Versai Management Corp. v. Clarendon America Ins. Co.,*
    597 F.3d 729 (5th Cir. 2010)...............................................................19

*Westinghouse Elec. Corp. v. CX Processing Labs., Inc.,*
    523 F.2d 668 (9th Cir. 1975)...............................................................21

**State Cases**

*Cromer v. Cromer,*
    293 S.C. 360, 360 S.E.2d 528 (1987) .................................................16

*Employers Mutual Ins. Co. v. Standard Drug Co.,*
    234 So.2d 330 (Miss. 1970) ................................................................16

*Fonda v. Gen. Cas. Co. of Ill.,*
    279 Ill. App. 3d 894, 665 N.E.2d 439 (1996) ....................................16

*Hughes v. Mid-Century Ins. Co.,*
    38 Cal.App.4th 1176 (1995)..................................................................9

*Levin v. Gulf Ins. Group,*
    69 Cal.App.4th 1282 (1999).................................................................16

*Malcom v. Farmers New World Life Ins. Co.,*
    4 Cal.App.4th 296 (1992)......................................................................9

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

iii

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

*Siciliano v. Fireman's Fund Ins. Co.*,
    62 Cal.App.3d 745 (1976) .......................................................................... 16

*Tavaglione v. Billings*,
    4 Cal.4th 1150 (1993) ................................................................................ 18

*Waller v. Truck Ins. Exchange, Inc.*,
    11 Cal.4th 1 (1995) ...................................................................................... 9

**Federal Statutes**

26 U.S.C. § 6212 et seq.................................................................................... 13

26 U.S.C. § 6213(a) .................................................................................... 13, 14

26 U.S.C. § 6303(a) ........................................................................................ 14

26 U.S.C. § 6323 ............................................................................................ 17

26 U.S.C. § 6331(a) ........................................................................................ 14

26 U.S.C. §§ 6321, 6323 ................................................................................ 14

26 U.S.C.A. §6321 .......................................................................................... 12

**State Statutes**

Cal. Civ. Code, §1638 ...................................................................................... 9

**Federal Rules**

FRCP 59(a), 59(e) ................................................................................i, 1, 4, 21

FRCP 59 .........................................................................................2, 3, 4, 5

**Other Authorities**

5 Casey Fed. Tax Prac. § 14:30 ...................................................................... 15

Couch on Ins. § 61:11 .................................................................................... 16

iv

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 4, 2013 at 1:30 p.m., or as soon thereafter as the matter can be heard, Defendant Travelers Commercial Insurance Company ("Travelers") will, and hereby does, move to Alter or Amend this Court's Judgment, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 59(e), on the grounds that there is no legally sufficient evidentiary basis to support the verdict.  In the alternative, Travelers will, and hereby does, move the Court under Rule 59(a) for a Remittitur of Damages, and/or New Trial on Breach of Contract Damages.

The motion will be based on the attached Memorandum of Points & Authorities, The Declaration of Edward P. Murphy and attached exhibits, the evidence adduced at trial, such other evidence and argument as may be submitted in support of the motion, and any evidence and argument that may be presented at the hearing on the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 27, 2013.


DATED: October 2, 2013          **FORAN GLENNON PALANDECH
                                  PONZI & RUDLOFF PC**


                                By:      /s/ G. Edward Rudloff, Jr.
                                       _____
                                       G. Edward Rudloff, Jr.
                                       Matthew S. Ponzi
                                       Edward P. Murphy

                                Attorneys for Defendant
                                **TRAVELERS COMMERCIAL INSURANCE
                                COMPANY**

1

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, Defendant Travelers Commercial Insurance Company ("Travelers") respectfully requests that the Court correct, or grant a remittitur of, the judgment in favor of Plaintiffs Craig and Pamela Milhouse.  The jury awarded each of the Plaintiffs $974,817—for a total award of $1,949,634—on their claims for breach of the insurance contract, and judgment was entered in accordance with that verdict. [1]

The judgment should be corrected, or remittitur granted, because the verdict is excessive as a matter of law, is unsupported by the evidence and is based on clear legal error.   To see that such is the case, the Court need look no further than the description of the evidence of breach of contract damages that Plaintiffs' trial counsel presented to the jury in his closing argument:

> And the balances of what has been established through the payments made and the documentation thereof as testified to by Mr. McKinnon[2], the breach of the unpaid policy benefits in this case are **$674,634.**
>
> ***That's the number that the breach of contract damages are.  And there is no other evidence in this case.*** That goes here (indicating). When you find that this contract has breached, when you find that it hasn't been properly paid, you check that box and you take that number and you divide it in two, because it's both Craig and Pam's house, and you award them $337,317 a piece. That's the evidence.

Reporter's Transcript, August 22, 2013, Vol 1 (Cannon Closing), Exhibit H to Declaration of Edward P. Murphy ("Murphy Decl."), p. 56: 6-17. (emphasis ours)

---

[1]    As set forth in the Jury Verdict, Docket No. 340, the jury found in favor of Plaintiffs only on their breach of contract claim.  The jury denied Plaintiffs any relief on their claim for breach of the covenant of good faith and fair dealing and their claim for punitive damages.

[2] Mr. McKinnon was Plaintiffs' expert on contract damages and bad faith.

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

Moreover, even the $674,634 figure that Plaintiffs' expert, Mr. McKinnon, calculated (and Plaintiffs' counsel relied on in closing argument) is excessive and incorrect because: (1) the amount he calculated as being due in Dwelling benefits exceeds, as a matter of law, the amount of such benefits that remains unpaid; and (2) the amount he calculated as being due for building code compliance benefits ("Ordinance or Law" or "Code Upgrade" benefits) has not been incurred by Plaintiffs and, as a matter of law, such benefits are not due unless actually incurred. When the foregoing unsupported amounts are deducted from the $674,634 that Mr. McKinnon calculated (and Plaintiffs' counsel sought in closing argument), Plaintiffs' breach of contract damages are, at most, $413,323.

Because the judgment is based on a jury verdict that is excessive as a matter of law, unsupported by competent evidence and based on clear legal error, Travelers is entitled to have the judgment reduced to no more than $413,323.  In the alternative, because the breach of contract damage verdict is not only against the clear weight of the evidence but also without evidentiary support, Travelers is entitled to a remittitur or a partial new trial limited to the amount of Plaintiffs' breach of contract damages.

## II.   APPLICABLE LEGAL STANDARDS

Rule 59 provides in relevant part:

**New Trial; Altering or Amending a Judgment**

(a) In General.

(1)  Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

(A)  after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . .

* * *

3

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

FRCP 59.  Travelers is entitled to relief under both Rule 59(e) and Rule 59(a).

A "Rule 59(e) motion to amend may be granted "if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests." *Allstate Ins. Co. v. Herron*, 634 F.3d 1111 (9th Cir. 2011).  Manifest error is, "in effect, a clear error." *SEC v. Pattison*, 2011 WL 2293195, at *1 (N.D. Cal. 2011). California federal district courts have recognized that there is no precise definition of "clear error," noting only that to make such a finding a court must be clearly convinced that a material error was made. "[T]he error must be one on which the final judgment was predicated, . . . and, equally important, the error must be one that would alter the outcome of the case." *Id*. (citations omitted).

Under Rule 59(a), excessive jury awards may also be challenged on a motion for remittitur. *See Snyder v. Freight, Const., Gen. Drivers, Warehousemen & Helpers, Local No. 287*, 175 F.3d 680, 689 (9th Cir. 1999).  In such cases, the Court should remit the damages award to the "maximum amount sustainable by the proof." *D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co.*, 692 F. 2d 1245, 1249 (9th Cir. 1982) (affirming district court's remittitur).  Remittitur, rather than a new trial, should be granted if the excessive award is based on the jury's method of calculation. *Id*.  Where excessive or duplicative damages are awarded, "courts have opted to remit (i.e., to reduce) jury awards, recalculating damage amounts based on the scope of the plaintiff's claims and the evidence adduced at trial." *Peake v. Chevron Shipping Co.*, 2004 WL 1781008, at *3 (N.D. Cal. Aug. 10, 2004) (citing *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 905 (9th Cir. 2000), and *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1387 (9th Cir. 1987)).

4

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

As set forth below, the judgment should be amended, or a conditional remittitur granted, because the judgment rests on clear errors of law and fact and is unsupported by the evidence.

## III.    THE EVIDENCE OF BREACH OF CONTRACT DAMAGES

The Policy includes four basic property coverages:  Dwelling; Other Structures[3]; Personal Property; and Loss of Use (commonly referred to as "Additional Living Expense").  Trial Exhibit 301, Exhibit L to Declaration of Edward P. Murphy in Support of Travelers' Rule 50 Motion and Rule 59 Motion ("Murphy Decl.").  It also includes "Additional Coverages" for "Trees, Shrubs and Other Plants" and "Ordinance or Law."

As to Dwelling benefits, there was no dispute at trial that the maximum amount potentially payable in such benefits is $946,003.63.  Reporter's Transcript, August 13, 2013 (Ballinger), Exhibit A to Murphy Decl., p. 99:25 – 100:3; Reporter's Transcript, August 19, 2013, Vol. I (McKinnon), Exhibit D to Murphy Decl.  p. 148:5 - 6, Reporter's Transcript, August 19, 2013, Vol. II (McKinnon), Exhibit E to Murphy Decl., p. 103:18.  There also was no dispute that the payments Travelers issued for Dwelling benefits totaled at least $830,000.  Reporter's Transcript, August 13, 2013 (Ballinger), Exhibit A to Murphy Decl., 97; 171-72; Trial Exhibit 36-3, Exhibit J to Murphy Decl.; Trial Exhibit 799-4-6, Exhibit K to Murphy Decl.  Of that amount, $166,711 was issued by a check on which the IRS was named as a co-payee. Reporter's Transcript, August 13, 2013 (Ballinger), Exhibit A to Murphy Decl., p. 187:21 - 25; Reporter's Transcript, August 16, 2013 (Mrs. Milhouse), Exhibit C to Murphy Decl., p. 238:16; Trial Exhibit 799-4, Exhibit K to Murphy Decl.

---

[3]  "Other Structures" generally are those, such as fences, that are separated from the Dwelling.  It is undisputed that no additional Other Structures benefits are due. Reporter's Transcript, August 19, 2013, Vol. II (McKinnon), Exhibit E to Murphy Decl., p. 104:1 - 9.

5

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

As to Personal Property benefits, there was no dispute at trial that the maximum amount potentially payable in such benefits is $529,762.03.  Reporter's Transcript, August 16, 2013 (Mrs. Milhouse), Exhibit C to Murphy Decl., p. 245:1-3; Trial Exhibit 36-4, Exhibit J to Murphy Decl.  There also was no dispute that Travelers paid $263,000 in Personal Property benefits.  Reporter's Transcript, August 13, 2013 (Ballinger), Exhibit A to Murphy Decl., pp. 167:7 - 8 and 183:16 - 20; Reporter's Transcript, August 16, 2013 (Mrs. Milhouse), Exhibit C to Murphy Decl., p. 245:17-23.

As to Additional Living Expense ("ALE") benefits, the maximum amount potentially payable for ALE benefits is $227,040.83.  Trial Exhibit 301, Exhibit L to Murphy Decl.; Trial Exhibit 36-5, Exhibit J to Murphy Decl.; Reporter's Transcript, August 13, 2013 (Ballinger), Exhibit A to Murphy Decl., pp. 190:23 – 191:1.  The total of the ALE payments Travelers has issued is $227,040.83; Trial Exhibit 36-5, Exhibit J to Murphy Decl.; Trial Exhibit 799-1, Exhibit K to Murphy Decl.; Reporter's Transcript, August 13, 2013 (Ballinger), Exhibit A to Murphy Decl., p. 173:2-3.  Mr. McKinnon testified (erroneously) that $24,531 in Additional Living Expense benefits remains unpaid.[4]  Thus, even accepting Mr. McKinnon's erroneous calculation as valid, the most that can be due under coverage is $24,531.  To simplify matters, for purposes of this motion, Travelers does not dispute that amount.

As to "Trees, Shrubs and Other Plants" benefits, there was no dispute at trial;

---

[4]   Of the $24,531 cited by Mr. McKinnon, $14,846 reflects a payment that was issued with CRS as co-payee.  CRS was included on the check because, pursuant to Plaintiffs' contract with CRS, and in reliance on the Direct Pay agreement Plaintiffs executed requiring Travelers to pay ALE benefits directly to CRS, CRS made rent payments, on Plaintiffs behalf, and has not been reimbursed for those payments.  Reporter's Transcript, August 16, 2013 (Mrs. Milhouse), Exhibit C to Murphy Decl., p. 238:18-19; Reporter's Transcript, August 14, 2013 (Hunt), Exhibit B to Murphy Decl., p. 92:14 – 93:5; Trial Exhibit 172-3, Exhibit M to Murphy Decl.  There also is no evidentiary basis for the $9,488 that remains when the $14,846 payment is subtracted from the $24,531 that Mr. McKinnon opined was unpaid.

6

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

the maximum amount potentially payable in such benefits is $47,300, subject to a cap of $500 for each tree, shrub or plant.  Trial Exhibit 301-13, Exhibit L to Murphy Decl.; Reporter's Transcript, August 19, 2013, Vol. II (McKinnon) Exhibit E to Murphy Decl., p. 104:22-24.  Nor was there any dispute that Travelers paid $40,924.74 in such benefits. Reporter's Transcript, August 19, 2013, Vol. II (McKinnon) Exhibit E to Murphy Decl., p. 104:22-24.

Finally, as to "Ordinance or Law" benefits, there was no dispute that the maximum amount potentially payable in such benefits is $94,600.  Reporter's Transcript, August 19, 2013, Vol. II (McKinnon) Exhibit E to Murphy Decl., pp. 21:7-8; 104:14-15. Plaintiffs' expert, Mr. McKinnon, testified that in order for this coverage to be triggered, the Ordinance or Law expense must be "incurred" and that "incurred" means having an obligation to pay.  Reporter's Transcript, August 19, 2013, Vol. II (McKinnon), Exhibit E to Murphy Decl., p. 91:9-12.  A signed contract to rebuild is required for the expense to be "incurred".  Reporter's Transcript, August 21, 2013, Vol. I (Holland) Exhibit G to Murphy Decl., p. 31:19-25.

There also was no evidence that Plaintiffs actually incurred any "Ordinance of Law" expenses.  Instead, the evidence was that Plaintiffs have not yet replaced their home, signed a contract to have it replaced, or even retained a contractor.  Reporter's Transcript, August 19, 2013, Vol. 1 (Dr. Milhouse), Exhibit D to Murphy Decl., pp. 90:5-11.

Based on the policy limits and undisputed payments, Plaintiffs' expert, Mr. McKinnon, testified that the damages due for breach of contract were:

- Remainder of Dwelling benefits[5]:  $291,156

---

[5]   The actual Dwelling limit is only $756,082.  McKinnon's calculation of the limit (erroneously) includes another $189,200.73 from the Additional Replacement Cost Protection endorsement ("ARC").

7

- Ordinance or Law Limit:  $94,600

- Remainder of Trees, Shrubs and Plants benefits:  $6,375

- Remainder of Personal Property benefits:  $257,972

- Remainder of Additional Living Expense benefits:  $24,531

- **Total**:  $674,634[6]

Reporter's Transcript, August 19, 2013, Vol. II (McKinnon), Exhibit E to Murphy Decl., pp. 103:2 – 106:5.

Thus, by Plaintiffs' own calculation, their damages for breach of contract totaled $674,634.  Reporter's Transcript, August 19, 2013, Vol. II (McKinnon), Exhibit E to Murphy Decl., p. 106:2-5.  Indeed, Plaintiffs' counsel expressly conceded in his closing argument to the jury that the $674,634 was the maximum amount recoverable for such damages:

> And the balances of what has been established through the payments made and the documentation thereof as testified to by Mr. McKinnon, the breach of the unpaid policy benefits in this case are **$674,634**.
>
> ***That's the number that the breach of contract damages are.  And there is no other evidence in this case.*** That goes here (indicating).  When you find that this contract has breached, when you find that it hasn't been properly paid, you check that box and you take that number and you divide it in two, because it's both Craig and Pam's house, and you award them $337,317 a piece. That's the evidence.

Reporter's Transcript, August 22, 2013, Vol I (Cannon Closing), Exhibit H to Murphy Decl., pp. 56:6-17 (Attorney Cannon directing the jury's attention to the portion of the verdict form directed to damages for breach of contract).[7]

---

[6]    This amount does not provide a set-off for the payment issued by Travelers jointly to the Milhouses and the IRS for $166,711, and it improperly includes amounts for code upgrade not actually incurred by Plaintiffs.  Thus, as set forth in more detail below, this amount must be further reduced.

[7]    See also, Dr. Milhouse's testimony that of the total of approximately $1.9 million in benefits potentially available under the policy, Travelers had paid approximately $1.2 million in "negotiable" funds. Reporter's Transcript, August 19, 2013, Vol. I, (Dr. Milhouse), Exhibit D to Murphy Decl., p. 14:2-10.

8

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

1   Yet, when the jury filled out the portion of the verdict form that is directed to

2   damages for breach of contract, it awarded each of the Plaintiffs not $337,317, but

3   nearly triple that amount, $974,817, for a total award of $1,949,634.

4   **IV.   LEGAL ARGUMENT**

5       A.   **The Judgment Should Be Corrected**

6       The jury's verdict in this case violates one of the most basic requirements for

7   damages awards. "[A] factfinder's damages calculation must find support in the

8   record." *In re Wolverton Assocs.*, 909 F.2d 1286, 1296 (9th Cir. 1990) (reversing a

9   judgment because there "was not sufficient evidence to support the court's

10  determination of damages"); *In re First Alliance Mortg. Co.*, 471 F. 3d 977, 1001

11  (9th Cir. 2006) (damages award "only based on speculation or guesswork" must be

12  vacated); *Wilson v. Great Am. Indus., Inc.*, 979 F.2d 924, 934 (2d Cir. 1992)

13  ("Calculations of damages not finding adequate support in the record may not be

14  affirmed on appeal.").

15      **1.   Breach Of Contract Damages Cannot Exceed The**
                 **Amount Due And Unpaid On The Policy**

16  

17      The Policy defines Travelers' contractual obligations to Plaintiffs.  Cal. Civ.

18  Code, §1638 ("The language of a contract is to govern its interpretation, if the

19  language is clear and explicit, and does not involve an absurdity"); *see also Waller v.*

20  *Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18 (1995)  ("The rules governing policy

21  interpretation require us to look first to the language of the contract in order to

22  ascertain its plain meaning or the meaning a layperson would ordinarily attach.").

23  Where an insurance policy contains a clear limit on its coverage, "the limitation's

24  plain language must be respected." *Malcom v. Farmers New World Life Ins. Co.* 4

25  Cal.App.4th 296, 301 (1992); *see also Hughes v. Mid-Century Ins. Co.*, 38

26  Cal.App.4th 1176, 1182 (1995) ("'If contractual language is clear and explicit, it

9

27  **TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND**

28  **MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR
REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO
BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

governs."'(internal citations omitted)).  Therefore, any jury award that exceeds the amount of Policy limits, less amounts already paid, is clearly erroneous.

Far from supporting the jury's findings, the record, as shown above in Section III, confirms that the jury's award of $1,949,634.00 for breach of contract damages is based on a manifest error of fact, and is excessive and unsupported by the evidence. Plaintiffs claimed they were entitled to only $674,634 in contract damages, and even this amount was excessive.  Therefore, the jury's $1,949,634.00 award, almost triple that amount, is clearly excessive.

### 2.  Plaintiffs Are Bound By Their Counsel's Admission That Their Breach Of Contract Damages Are $674,634

Plaintiffs' counsel's admission that the amount of breach of contract damages is $674,634 and "there is no other evidence" is legally binding on Plaintiffs.[8] Reporter's Transcript, August 22, 2013, Vol I (Cannon Closing), Exhibit H to Murphy Decl., p. 56: 6-17; *Butynski v. Springfield Terminal R.Co.*, 592 F.3d 272, 277–78 (1st Cir. 2010) ("We begin with first principles.  Counsel can make admissions during trial that will bind the client.  [internal citations omitted]  Such admissions can be derived from the contents of opening statements or closing arguments."); *Childs v. Franco*, 563 F.Supp. 290, 292 (E.D. Pa. 1983) ("If unequivocal, an admission of counsel during the course of trial is binding on the client.")

---

[8]   Despite their expert's testimony and their counsel's unequivocal admission that the only amounts recoverable for breach of contract total the $674,634 Policy "benefits" delineated by Mr. McKinnon, Travelers anticipates that Plaintiffs may argue that they are also entitled to "special damages" under their breach of contract claim.  This argument fails for two independent reasons.  First, Plaintiffs are bound by the factual admission of their attorney as to the amount recoverable for breach of contract.  Second, Plaintiffs did not introduce any admissible evidence that they sustained any "special damages" flowing from Travelers alleged breach of the insurance contract.

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

### 3.      The Damages Award Should Be Further Reduced

Plaintiffs are not entitled even to the $674,634 in breach of contract damages they claimed for at least two reasons.  First, the award should be reduced by the amount of Dwelling benefits Travelers issued by check that included the IRS as a co-payee ($166,711). Second, the award should be reduced by the amount of the limit applicable to Law or Ordinance coverage ($94,600).   As set forth below, Mr. McKinnon's inclusion of these amounts in his calculation was manifest error.

### a)      As A Matter Of Law, The IRS Was Properly Included As Co-Payee

Mr. McKinnon's calculation of $291,156 in unpaid Dwelling benefits is excessive and manifestly incorrect because it fails to acknowledge the $166,711 payment that named the IRS as a co-payee, which Travelers twice tendered to Plaintiffs.

Two Notices of Federal Tax Liens (NFTLs) were recorded on the land records for Plaintiffs' insured property.  The first provided public notice of a lien in favor of the IRS, in the amount of $87,477.70.  Trial Exhibit 836-15, Exhibit N to Murphy Decl.  The second NFTL provided public notice of liens, totaling $79,234.73.  Trial Exhibit 573, Exhibit O to Murphy Decl.  Plaintiffs did not dispute the existence of the liens.  Reporter's Transcript, August 16, 2013, (Mrs. Milhouse), Exhibit C to Murphy Decl., p. 248:6-9; Reporter's Transcript, August 19, 2013 Vol. I (Dr. Milhouse), Exhibit D to Murphy Decl., p. 56:14-16; Reporter's Transcript, August 21, 2013, Vol. II (Holland), Exhibit S to Murphy Decl., pp. 10:23 – 11:10; Trial Exhibit 762-5, Exhibit P to Murphy Decl..

Dr. Milhouse further admitted to twice receiving dwelling payment checks for the $166,711 payable to Plaintiffs, CitiMortgage and the IRS, and he further admitted that he unilaterally elected not to cash either of the checks, causing them both to go

**11**

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

stale.  Reporter's Transcript, August 19, 2013, Vol. 1 (Dr. Milhouse), Exhibit E to

Murphy Decl., pp. 114:24 – 116:12; Trial Exhibit 758-1, Exhibit Q to Murphy Decl.;

Trial Exhibit 799-004, Exhibit K to Murphy Decl.  As explained below, the IRS was

legally entitled to the insurance proceeds, and Travelers, having become aware of the

liens, was required to include the IRS as a co-payee to the extent of the IRS's interest.

   Barbara Frederick, a Travelers in-house attorney who provides legal advice and

support to members of the property claim department, testified about Travelers'

decision to include the IRS as a co-payee on the $166,711 Dwelling benefits check.

Reporter's Transcript, August 20, 2013, Vol. 3 (Frederick), Exhibit F to Murphy

Decl., pp. 22 – 52:2.  Ms. Frederick explained that the notices of the tax liens and the

federal statutes under which federal tax liens arise make clear that the federal tax

liens apply to both the insured property <u>and the insurance proceeds</u>:

> The notice of the lien says that it attaches to all property and rights of
> property of the delinquent taxpayer.  And that language is not just in
> the notice of the lien; it's in the statute that creates the lien.  It's just a
> copy of the statutory language.  And so that told me that because the
> insurance proceeds are a substitute for the house and also the
> insurance proceeds are property themselves, that the rights of the  lien
> were attached to the policy benefits.

Reporter's Transcript, August 20, 2013, Vol. 3 (Frederick), Exhibit F to

Murphy Decl., pp. 31:3 – 14; 26 U.S.C.A. §6321, admitted as Trial Exhibit 956,

Exhibit R to Murphy Decl.

   Ms. Frederick further explained:

> . . . it's just a general principle that when property insurance
> checks are issued, known lienholders have to be included on the
> check because they have claims against the policy benefits.
>
> And so, for example, a practical example is law firms like Mr.
> Cannon's firm will acquire a lien against the policy proceeds as
> part of their agreements with the client, and they notify us and
> tell us put 'em on the check.  And once we know they tell us put
> 'em on the check, if we don't put them on the check -- we know
> about the lien and we don't honor it and protect it, then if the

12

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND
MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR
REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO
BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

Milhouses were not to pay Mr. Cannon, he would sue us and we will have to pay the fees. . . .

I call it the "Known Lienholder Doctrine."  If you know about the lien, you have to protect -- protect it.

Reporter's Transcript, August 20, 2013, Vol. III (Frederick), Exhibit F to Murphy Decl., pp. 28:23 – 29:18.

Ms. Frederick also explained that the Policy's "Loss Payment" provision—which states that Travelers will pay the insured "unless some other person is named in the policy or is legally entitled to receive payment"—requires that the IRS – a known lien holder – be included on the check as a payee and if Travelers failed to do so, it would be exposed to having to "pay twice":  once to the insureds, and a second time to the IRS.  Reporter's Transcript, August 20, 2013, Vol. III (Frederick), Exhibit F to Murphy Decl., pp. 35:14 – 39:17; Trial Exhibit 301-38, Exhibit L to Murphy Decl.

As set forth below and in Travelers' Rule 50 Motion for Judgment as a Matter of Law, which is incorporated by reference herein, Ms. Frederick's testimony is correct under the controlling law.

### (1)    Federal Tax Liens Attach To Insurance Proceeds And Have The Force Of A Judgment

The process governing the creation and enforcement of federal tax liens is set forth at 26 U.S.C. § 6212 et seq.  In brief, federal income taxes are considered due and owing as of the date the tax return for the particular period is required to be filed. *United States v. Ressler*, 433 F.Supp. 459, 463 (S.D.Fla.1977).  If a tax liability is not paid or settled, the IRS issues a notice of deficiency.  26 U.S.C.A. § 6212.  That notice begins a 90-day period during which the delinquent taxpayer may file a petition in Tax Court to contest liability.  26 U.S.C. § 6213(a).

13

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

Once the 90-day period has expired (or a decision of the Tax Court has become final) "the deficiency . . . shall be assessed." 26 U.S.C. 6213(a). Upon the assessment, a federal tax lien arises by operation of law upon all of the deficient taxpayer's property and rights to property. 26 U.S.C. §§ 6321, 6323; *In re Berg*, 188 B.R. 615, 618 (9th Cir. 1995) Within sixty days of making the assessment, the IRS must provide notice of the assessment and demand payment. 26 U.S.C. § 6303(a). <u>If payment is not made voluntarily, the IRS has the right to forcibly take the money.</u> 26 U.S.C. § 6331(a).

Thus, as the United States Supreme Court explained more than seventy years ago, the assessments that the IRS made (and recorded on the land records for Plaintiffs' property) have the force and effect of a *judgment*:

> Once the tax is assessed, the taxpayer will owe the sovereign the amount when the date fixed by law for payment arrives. . . . **The assessment is given the force of a judgment,** and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt. . . . [¶] [T]he usual procedure for the recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer. **The assessment supersedes the pleading, proof, and judgment necessary in an action at law, and has the force of such a judgment.**

*Bull v. U.S.*, 295 U.S. 247, 259-260 (1935)(emphasis added); see also, *U.S. v. Vermont,* 377 U.S. 351 (1964) (assessment is given the force of a judgment*); Citizens Nat. Trust & Sav. Bank of Los Angeles v. U.S.*, 135 F.2d 527 (9th Cir. 1943) (federal tax lien in analogous to a judgment lien); *United States v. Redevelopment Agency of Oakland*, 926 F. Supp 928 (N.D. Cal. 1995) (same); *U.S. v. Canfield*, 29 F.Supp. 734, 735-736 (S.D. Cal. 1939).

Federal tax liens attach not only to property and rights to property owned at the time of the assessments, but also to property subsequently acquired. *Glass City Bank v. United States*, 326 U.S. 265, 90 L.Ed. 56 (1945); *Citizens Nat. Trust & Sav.*

14

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

*Bank of Los Angeles v. U.S.*, 135 F.2d 527 (9th Cir. 1943); see, e.g., 5 Casey Fed. Tax Prac. § 14:30. Federal tax liens attach to proceeds of a property insurance policy.  See, e.g., *Shelter Mutual Ins. Co. v. Gregory*, 555 F. Supp. 922 (M.D. Tenn 2008)(foreclosing liens on property insurance proceeds arising from destruction of defendant' dwelling); *U.S. v. Colby Academy*, 524 F.Supp. 931 (D.C. N.Y. 1981)("A federal tax lien . . . attaches to all property rights of the taxpayer, including his interest in future proceeds of an insurance policy.").  As a matter of law, the IRS liens at issue apply to the insurance proceeds and have the same force and legal effect as a judgment.  Therefore, Ms. Frederick's testimony that the IRS was legally entitled to payment is entirely correct.

### (2)   The Policy Confirms That The IRS Is A Proper Co-payee

The Policy's Loss Payment condition provides that Travelers will pay the named insured "unless some other person . . . is legally entitled to receive payment." Exhibit 301-38.  The manifest purpose of this provision is to allow the insurer to pay someone who is not named in a policy, but who has a valid lien or other right to the policy proceeds.  *Parmelee v. Standard Fire Ins. Co.*, 697 F.Supp.2d 1069, 1075 (E.D. Mo. 2010).

Contrary to Plaintiffs' assertion, the IRS was not required to bring an action to foreclose its liens in order to be "legally entitled to receive payment."  Not only has the U.S. Supreme Court made clear that the tax assessments/liens have the force of judgments, but the phrase "legally entitled to receive payment," as used in a homeowners' policy, such as this one, requires no "prior, judicially enforceable determination of liability."  *Parmelee v. Standard Fire Ins. Co.*, *supra*, 697 F.Supp.2d at p. 1075.

15

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

### (3)   An Insurer That Fails To Name A Proper Payee Is Exposed To Having To Pay Twice

Moreover, an insurer who disregards such a lien or other third party interest, and fails to name all parties entitled to payment of policy proceeds, is exposed to having to pay twice. *Levin v. Gulf Ins. Group*, 69 Cal.App.4th 1282 (1999); *Siciliano v. Fireman's Fund Ins. Co.*, 62 Cal.App.3d 745 (1976); see generally, *Couch on Ins*. § 61:11. (insurer must make provision for attorneys lien).  This common sense proposition is black letter law not only in California, but in other jurisdictions. See, e.g., *Fonda v. Gen. Cas. Co. of Ill.*, 279 Ill. App. 3d 894, 905, 665 N.E.2d 439 (1996) (insurer was liable to secured creditor where insurer paid policy proceeds to debtor after receiving notice of creditor's interest in proceeds); *Cromer v. Cromer*, 293 S.C. 360, 360 S.E.2d 528, 530 (1987)(insurer who makes payment in derogation of known equitable lien does so at its peril); *Employers Mutual Ins. Co. v. Standard Drug Co.*, 234 So.2d 330, 333 (Miss. 1970) (insurer acted at its peril when it chose to ignore notice given by second mortgagee ultimately determined to be entitled to policy proceeds).  Thus, if Travelers failed to protect the IRS' rights and Dr. Milhouse failed to pay his debt to the IRS, Travelers would be exposed to having to pay Dr. Milhouse's delinquent taxes for him.

In this regard, the recent decision of *Bedrock Financial, Inc. v. United States*, 2013 WL 2244402 (E.D. Cal. 2013) is particularly instructive.  In *Bedrock*, a lien arose against two taxpayers' property following the Government's assessment, notice, and demand for payment of the taxpayers' 2004 federal income taxes.  The lien was second in priority to the taxpayers' mortgage on the property.  When the taxpayers refinanced their property, the escrow agent (who was aware of the tax lien) disbursed part of the refinance loan to pay off the mortgage, and then it disbursed the remaining amount—which exceeded the tax lien—to others.  After the

16

refinance company foreclosed on the property, litigation ensued to determine the parties' obligations with regard to the tax lien. The Government contended that the taxpayers had property, or rights to property, in the proceeds of the loan refinancing the liened property, and that the tax lien therefore attached to those proceeds. It also contended that by distributing the proceeds of the refinance loan to others without paying off the tax lien, the escrow company converted funds subject to the tax lien.

The court agreed, finding that since the property was subject to a recorded lien, the escrow company had a legal obligation to pay off the lien with any monies "belonging" to the taxpayers, and its failure to do so constituted facts sufficient for a finding of conversion:

> "[O]nce the tax lien has attached to the taxpayer's state-created interests, we enter the province of federal law, which we have consistently held determines the priority of competing liens asserted against the taxpayer's property or rights to property." [internal citations omitted] A federal tax lien attaches to any advance of funds to a taxpayer. [internal citations omitted]. 'Once in the hands of the taxpayer .... the money became property enveloped with the government's liens." [internal citations omitted]. . . .
>
> "[A] third party possessing property or rights to property belonging to a taxpayer holds such property subject to the lien, unless the third party has a prior lien or comes within one of the exceptions listed in 26 U.S.C. § 6323." [internal citations omitted] For example, when a federal tax lien had been filed and the builder's escrow agent had knowledge of the tax lien, the escrow agent improperly converted the tax debtor's funds by advancing the proceeds of a construction loan for payment of nonlienable obligations. [internal citations omitted].
>
> Neither party disputes that the amounts due to [the first mortgage] ($171,106.85) to redeem Taxpayer's deed of trust had first priority or that the tax lien, in an initial principal amount of $42,458.12, had second priority. Accordingly, the tax lien attached to the proceeds of the Bedrock loan and American Title should have paid the tax lien from the balance of the proceeds following the [first mortgage] pay-off, a total of $71,893.15, before it paid the Taxpayer's lower priority creditors, their non-secured creditors, or the Taxpayers themselves.
>
> *Id*. at *4.

Thus, the assessments from the IRS liens at issue have the same force and legal

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

17

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

effect as a judgment, and because any insurance proceeds belonging to Plaintiffs were subject to the tax liens, Travelers was legally obligated to include the IRS on the check.  As such, Ms. Frederick's testimony that the IRS was legally entitled to the insurance proceeds is entirely correct. As a matter of law, Travelers could not have breached its contract by doing what the controlling law and the Policy language require.

### (4)    Plaintiffs Breached Their Duty To Cooperate

Significantly, Plaintiffs – who unlike Travelers – were the parties knowledgeable about the state of affairs regarding the IRS – admitted they never attempted to cash the check, or even contact the IRS regarding its interest in the Policy proceeds.  Reporter's Transcript, August 19, 2013, Vol. I (Dr. Milhouse), Exhibit D to Murphy Decl., p. 116:2-15.  Nor – despite the Policy provision that requires Plaintiffs to cooperate with Travelers investigation (Trial Exhibit 301-21, Exhibit L to Murphy Decl.) – did they provide even a shred of information that would have allowed Travelers to conclude that the IRS had no interest in the insurance proceeds and/or did not need to be protected.  This failure to cooperate is fatal to Plaintiffs' theory that Travelers breached the Policy by naming the IRS as a co-payee. An insurance policy, as a matter of law, cannot reasonably be interpreted to require the insurer to assume the risk of double payment.

Since the amount of breach of contract damages sought by Plaintiffs—$674,634—includes recovery of the $166,711.00 already repeatedly tendered to them, the breach of contract damages award against Travelers should be offset by this payment. *Tavaglione v. Billings*, 4 Cal.4th 1150, 1158-1159 (1993) ("Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported

18

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

by the evidence. [Citation.] Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited. [Citation.] [¶] ... [¶].)

### b)      Code Upgrade Coverage Is Not Owed

There is no dispute that the amount potentially payable in Law or Ordinance Benefits is $94,600.  Reporter's Transcript, August 19, 2013, Vol. II (McKinnon) Exhibit E to Murphy Decl., pp. 21:7-8; 104:14-15.  The Policy expressly states that Law or Ordinance benefits apply to costs that are incurred:

> 12.    a.    You may use up to [$94,600] for the increased  costs *you incur* due to the enforcement of any ordinance or law which regulates:
>
> (1)    The construction . . . of that part of a covered building . . . . damaged by a Peril Insured Against

Trial Exhibit 301-15, Exhibit L to Murphy Decl. (emphasis ours). McKinnon's calculation of the contract damages included the full limit of the Ordinance or Law coverage.  But Plaintiffs presented absolutely no evidence that they have "incurred" $94,600 in increased costs—or any costs in any amount—to rebuild their dwelling.  *See Versai Management Corp. v. Clarendon America Ins. Co.,* 597 F.3d 729, 737 (5th Cir. 2010) (Insured cannot pursue claim for any "anticipated" costs of complying with current building codes; insured could recover costs only after they were actually incurred); *Jardine v. Maryland Cas. Co*. 2011 WL 6778798 (N.D. Cal., Dec. 27, 2011, 10-3335 SC), aff'd, (9th Cir., June 25, 2013, 11-17574) 2013 WL 3186557 (Insured cannot recover for code upgrades that were never performed  "To hold otherwise would award [insured] the kind of windfall payment that is expressly foreclosed by the policy.").  As Plaintiffs' expert conceded, "the test for code upgrades is incurred . . . that means obligated to pay." Reporter's Transcript, August 19, 2013, Vol. II (McKinnon), Exhibit E to Murphy

19

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

Decl., p. 91:6-12; accord Reporter's Transcript, August 21, 2013, Vol. I (Holland), Exhibit G to Murphy Decl., pp. 31: 2 – 33:8.  Here, there is no evidence that Plaintiffs were obligated to pay any amount for code upgrades.

Thus, Mr. McKinnon's inclusion of the $94,600 potentially payable in his calculation of Plaintiffs' damages was manifest error.  Mr. McKinnon testified that his calculation was based on an "estimate" of code compliance costs prepared by ACS, and an "estimate" of such costs reportedly prepared by Fowler.  Reporter's Transcript, August 19, 2013 Vol. II (McKinnon), Exhibit E to Murphy Decl., pp. 20:22-21:6.   Plaintiffs have not replaced their Dwelling and, in fact, freely admitted that despite receiving several proposals over the course of several years, they have not yet signed a contract with anyone.  Reporter's Transcript, August 19, 2013, Vol. 1 (Dr. Milhouse), Exhibit D to Murphy Decl., pp. 90:5-11.

There was no evidence that Plaintiffs have paid or have assumed any legal obligation (for example, by way of a contract) to pay anyone even a dime in code compliance costs, let alone $94,600 in such costs.  As a matter of law, the coverage provided for Ordinance or Law expenses has not been triggered and, consequently, Travelers cannot have breached the contract by not providing such coverage to Plaintiffs.

In summary, the jury's award of $1,949,634.00 in damages for Plaintiffs' breach of contract claims is excessive, is based on manifest error and is unsupported by the evidence.  Plaintiffs themselves contended that the maximum possible award was $674,634, and even that amount  is erroneous because it includes $166,711 already tendered to Plaintiffs and $94,600—the full limit of the Ordinance or Law coverage—for costs that were never incurred.  Accordingly, under Rule 59(e), the Court should correct the judgment by eliminating these amounts and, on that basis,

20

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

should reduce the damages award to $413,323.  *See e.g., Westinghouse Elec. Corp. v. CX Processing Labs., Inc.*, 523 F.2d 668, 678 (9th Cir. 1975) (affirming reduction of jury's award "due to an earlier error that had caused an incorrect figure to be entered on the damage chart which the jury considered").

B.   **In The Alternative, The Court Should Order A Remittitur Or A New Trial Limited To The Amount Of Breach Of Contract Damages**

Where a verdict is excessive, a remittitur is appropriate, as is a new trial limited to the amount of damages.  Fed. R. Civ. P. 59(a); *Fenner v. Dependable Trucking Co.*, 716 F. 2d 598, 602-03 (9th Cir. 1983) (reversing and remanding for new trial where district court found jury award excessive in light of the evidence presented but nevertheless entered judgment for the excessive amount).[9]

As discussed, the jury's excessive damages award cannot stand because it is unsupported by the evidence.  Therefore, if the Court does not alter or amend the judgment by reducing it to $413,323, under Rule 59(a), the Court should remit the damages award to that amount, which is the "maximum amount sustainable by the proof."  *D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co.*, 692 F. 2d 1245, 1249 (9th Cir. 1982).  In granting the remittitur, the Court is required to give Plaintiffs the option of instead proceeding with a new trial on contract damages. *Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 603 (9th Cir. 1983) (the court "may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur. [fn. omitted.] The prevailing party

---

[9]   Procedurally, when granting a remittitur, the prevailing party (plaintiffs here) must be given the option of accepting the remittitur or proceeding with a new trial on damages.  *Fenner v. Dependable Trucking Co*., Inc., 716 F.2d 598, 603 (9th Cir. 1983) (the court "may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur. [fn. omitted.]  The prevailing party is given the option of either submitting to a new trial or of accepting a reduced amount of damage which the court considers justified").

TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

1  is given the option of either submitting to a new trial or of accepting a reduced

2  amount of damage which the court considers justified”).

3  **V.   CONCLUSION**

4       Since the excessive damages award is not supported by the evidence and is

5  arbitrary at best, the Court should alter or amend the judgment by reducing the

6  judgment amount to no more than $413,323.  Alternatively, the Court should order a

7  remittitur reducing the judgment to $413,323, or grant a new trial limited to the

8  amount of Plaintiffs' damages for breach of contract.

9

10  DATED:  October 2, 2013          **FORAN GLENNON PALANDECH**
                                     **PONZI & RUDLOFF PC**

11

12

13                        By:          /s/ G. Edward Rudloff, Jr.
                                     G. Edward Rudloff, Jr.
14                                   Matthew S. Ponzi
                                     Edward P. Murphy
15
                                     Attorneys for Defendant
16                                   **TRAVELERS COMMERCIAL INSURANCE**
                                     **COMPANY**

17

18

19

20

21

22

23

24

25

26
                                     22

27  **TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF MOTION AND**
    **MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR**
28  **REMITTITUR OF THE DAMAGE AWARD AND/OR FOR A NEW TRIAL AS TO**
    **BREACH OF CONTRACT DAMAGES; MEMORANDUM OF POINTS AND**
    **AUTHORITIES IN SUPPORT, Case No. SACV 10-01730-CJC (ANx)**

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500